IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| WILDEARTH GUARDIANS, a non-profit organization; WESTERN WATERSHEDS PROJECT; a non-profit organization; and TRAP FREE MONTANA, a non-profit organization,<br><br>        Plaintiffs,<br><br>  vs.<br><br>JANET BUCKNALL, in her official capacity as Deputy Administrator, U.S. Department of Agriculture APHIS-Wildlife Services; DALIN TIDWELL, in his official capacity as State Director, Wildlife Services-Montana; UNITED STATES ANIMAL PLANT AND INSPECTION SERVICE, a federal agency; TOM VILSACK, in his official capacity as Secretary of Agriculture; UNITED STATES DEPARTMENT OF AGRICULTURE, a federal department; MARTHA WILLIAMS, in her official capacity as Director of the U.S. Fish and Wildlife Service; UNITED STATES FISH AND WILDLIFE SERVICE, a federal agency; DEB HAALAND, in her official capacity as Secretary of the Interior; and the UNITED STATES DEPARTMENT OF THE INTERIOR, a federal department,<br><br>        Defendants, | CV 23–10–M–DLC<br><br>ORDER |

| STATE OF MONTANA and<br>MONTANA DEPARTMENT OF FISH,<br>WILDLIFE AND PARKS,<br><br>      Defendant-Intervenors. | |
|---|---|

Before the Court is the State of Montana and Montana Fish, Wildlife and Parks' ("Applicants") Motion to Intervene. (Doc. 23.) Plaintiffs challenge Defendant United States Department of Agriculture Animal and Plant Health Inspection Service Wildlife Services' ("Wildlife Services") decision to continue its predator damage management program—which involves the use of traps, snares, aerial shooting, chemicals, poisons and other methods to capture and kill grizzly bears and other native predators—in Montana; Wildlife Services' related environmental assessment and Finding of No Significant Impact; and Defendant Fish and Wildlife Service's related biological opinion about how predator removal may adversely affect grizzly bears and grizzly bear recovery. (Doc. 14 at 3.) Applicants seek to intervene as of right under Rule 24(a)(2), or in the alternative, intervene permissively under Rule 24(b). (Doc. 23 at 2–3.) The parties do not oppose the motion. (*Id.* at 3.) For the reasons discussed below, the Court grants the motion.

Rule 24(a)(2) permits parties to intervene as of right where:

> (1) the intervention application is timely; (2) the applicant has a significant protectable interest relating to the property or transaction that is the subject of the action; (3) the disposition of the action may, as

2

> a practical matter, impair or impede the applicant's ability to protect its interest; and (4) the existing parties may not adequately represent the applicant's interest.

*Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 897 (9th Cir. 2011) (quoting *Prete v. Bradbury*, 438 F.3d 949, 954 (9th Cir. 2006)).  The party seeking to intervene has the burden of proving each of these elements.  *Prete*, 438 F.3d at 954.  The requirements are "broadly interpreted in favor of intervention," *id.*, and the "review is guided primarily by practical considerations, not technical distinctions," *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 818 (9th Cir. 2001) (internal quotation marks and citation omitted).  Applicants have met their burden on all four elements.

First, Applicants' motion is timely.  To determine whether intervention is timely, the Court must consider "(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay."  *W. Watersheds Project v. Haaland*, 22 F.4th 828, 836 (9th Cir. 2022).  This matter is still in its early stages: the Case Management Order (Doc. 22) was just entered on October 13, 2023, substantive briefing has not yet begun, and the Court has not made any rulings on the merits of the case.  Applicants agree to follow the existing Case Management Order, (Doc. 24 at 8), and intervention will not prejudice the existing parties.

Next, Applicants have a significant protectable interest, and this interest will

3

be impaired or impeded by the relief Plaintiffs seek.  "An applicant has a 'significant protectable interest' in an action if (1) it asserts an interest that is protected under some law, and (2) there is a 'relationship' between its legally protected interest and the plaintiff's claims." *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998).  Further, if an applicant's interest "would be substantially affected in a practical sense by the determination made in an action, [the applicant] should, as a general rule, be entitled to intervene." *Citizens for Balanced Use*, 647 F.3d at 898.

Applicants have an obligation to manage large predators, such as grizzly bears, within Montana's borders.  *See* Mont. Code Ann. § 87-1-217.  To do so, Applicants work closely with Wildlife Services on "planning, coordinating, and implementing wildlife damage control programs to minimize damage caused by grizzly bears . . . to agriculture, animal husbandry, forestry, wildlife, and public health and safety."  (Doc. 24-1 at 1.)  Accordingly, if the Court were to enjoin or limit Wildlife Services' implementation of its predator damage management program, Applicants' significant interest in managing large predators within Montana would be impaired.

Finally, the existing parties do not adequately represent Applicants' interests.  There are three factors the Court must consider when determining the adequacy of representation:

4

(1) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect.

*Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003), *as amended* (May 13, 2003) (citing *California v. Tahoe Reg'l Plan. Agency*, 792 F.2d 775, 778 (9th Cir. 1986)).  Applicants represent sovereign interests possessed by the State of Montana that are separate and unique from the interests of Federal Defendants. These interests are relevant and necessary to the proceeding.

Accordingly, IT IS ORDERED that Applicants' Motion to Intervene (Doc. 23) is GRANTED.  The caption is modified as reflected above.  Defendant-Intervenors shall refile their Notice of Appearance (Doc. 23-2) and Answer (Doc. 23-3).

IT IS FURTHER ORDERED that Defendant-Intervenors shall abide by the terms of the existing Case Management Order (Doc. 22).

IT IS FURTHER ORDERED that the word limit for Plaintiffs' briefing, as outlined in the Case Management Order, shall be increased as follows to account for the need to address any papers filed by Defendant-Intervenors:

1) Plaintiffs' motion for summary judgment and brief in support is limited to 9,000 words.

2) Plaintiffs' combined response to Federal Defendants' cross-motion for summary judgment and reply in support of their motion for summary judgment is limited to 6,000 words.

The Case Management Order (Doc. 22) otherwise remains in full force and effect.

DATED this 7th day of November, 2023.

_____
Dana L. Christensen, District Judge
United States District Court